MARY POULIN, Respondent, *v.* THE BROADWAY AND SEVENTH AVENUE RAILROAD COMPANY, Appellant.

It is the duty of the conductor of a street car to give passengers a reasonably safe opportunity to alight. He must stop the car for a reasonable time to enable the passenger so to do; and if he starts it before the passenger has stepped down, or had reasonable time for that purpose, it is negligence.

(Argued May 20, 1874; decided September term, 1874.)

THIS was an action to recover damages for injuries alleged to have been sustained through defendant's negligence.

Plaintiff took passage on one of defendant's cars in the city of New York. When she signalled to the conductor to let her off he stopped the car. She went immediately to the rear platform and stepped down. Just as she placed one foot on the ground the conductor started the car. Her hoop-skirt caught on the head of a nail upon the platform, which projected from one-eighth to one-quarter of an inch, and she was thrown down, dragged along and injured.

Defendant's counsel requested a dismissal of the complaint which was refused. *Held,* no error; that the facts, as found, made out negligence, the court stating the principle as above, citing *Mullhado* v. *B. C. R. R. Co.* (30 N. Y., 370); *Nichols* v. *Sixth Ave. R. R. Co.* (38 id., 131); *Keating* v. *N. Y. C. R. R. Co.* (49 id., 673); *Colt* v. *Sixth Ave. R. R. Co.* (id., 671).

The court was requested to charge, among other things, as follows:

That the plaintiff wearing hoops was bound to use extra caution to avoid accidents when she attempted to alight from the car.

That if the plaintiff, by the exercise of her ordinary faculties, could have discovered the nail and avoided the accident she cannot recover in this action.

That if, when the car commenced its journey, the nail did not project above the surface of the board, or if the projection of the nail was so slight that it could not be discovered

by a careful examination of the vehicle before the journey commenced, the defendant was entitled to a verdict.

If the jury believed from the evidence that the conductor allowed the plaintiff sufficient time to alight and to escape from the car before he rang the bell to start, defendant was entitled to a verdict.

If the plaintiff's injury was the result of an unavoidable accident, the defendant was not liable and the plaintiff could not recover.

If the jury found that the hoop-skirt worn by the plaintiff was the proximate cause of the accident, or that the use of the same contributed to cause her injury, she could not recover.

That a hoop-skirt, such as that worn by the plaintiff on this occasion, is an unnecessary article of female apparel, and that a lady thus attired was bound to exercise more care in entering or alighting from a street car than a man.

That the defendant was not to be held to so strict a measure of care as are the proprietors of steam railroads, but its liability was to be measured only by the rules applicable to omnibus proprietors and other vehicles drawn by horses, and it was only bound to know the vehicle was safe at the commencement of the journey.

That the circumstances of this case will not justify the jury in awarding the plaintiff exemplary or vindictive damages.

The jury were not to infer, from the fact that the court denied the motion made to dismiss the complaint, that the court intended to express an opinion that the plaintiff was entitled to recover, but only that the questions involved in this action ought to be submitted to the jury for their determination.

The court refused each of the requests separately and defendant's counsel excepted.

The court did charge, that to entitle plaintiff to recover she must have established that defendant was guilty of negligence, and that she was free from any negligence contributing to the accident. *Held*, that the refusals were not error; that it was not the right of counsel to compel the court to charge legal propositions in the language he may frame them. If requested, all the law necessary for the guidance of the

jury must be given them in some form; and where this is done the party cannot complain.

*Samuel Hand* for the appellant.

*C. C. Egan* for the respondent.

EARL, C., reads for affirmance.
All concur.
Judgment affirmed.